NATIONAL LABOR RELATIONS
BOARD, Petitioners,

v.

BROTHERHOOD OF TEAMSTERS
AND AUTO TRUCK DRIVERS,
LOCAL 70, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN
AND HELPERS OF AMERICA, Respondent.

No. 74-2999.

United States Court of Appeals,
Ninth Circuit.

Oct. 23, 1975.

Marjorie Gofreed (argued), N. L. R. B., Washington, D. C., for petitioners.

Duane B. Beeson (argued), Brundage, Neyhart, Beeson & Tayer, San Francisco, Cal., for respondent.

OPINION

Before CHOY and GOODWIN, Circuit Judges, and REAL,* District Judge.

GOODWIN, Circuit Judge:

In 1973, this court ordered the enforcement of an order of the National Labor Relations Board which required the union to restore to James Reliford the wages he had lost by reason of his discharge at the union's request. *NLRB v. Teamsters Local 70,* 490 F.2d 87 (9th Cir. 1973). The present proceeding is the Board's petition for the enforcement of its Supplemental Order fixing the amount of the back pay to be paid by the union to Reliford. 212 N.L.R.B. No. 108, 87 L.R.R.M. 1757 (July 31, 1974).

Our review of the record convinces us that the Board's findings are supported by substantial evidence. *See Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

The union has not sustained its burden in attempting to show that Reliford willfully incurred a loss of earnings during the period following his discharge by failing to make a reasonable effort to find interim employment. *See NLRB v. Ohio Hoist Mfg. Co.,* 496 F.2d 14 (6th Cir. 1974).

Enforcement of the Board's Supplemental Order is granted.

REAL, District Judge (concurring):

I concur in the result. Petitioner's proof of the efforts of James Reliford to mitigate his damage leaves much to be desired but the state of the law compels the conclusion we reach here. Left to determining the weight of the evidence I would have found contrary to the administrative law judge.

---

* The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.